Jason Barrat; AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Anthony Mumphrey**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Good Neighbor Community Services, LLC**, an Arizona company; **Victoria McGill,** an Arizona resident; and **Dina Hill,** an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Anthony Mumphrey ("**Plaintiff"**), for his Verified Complaint against Defendants Good Neighbor Community Services, LLC ("**Good Neighbor**"); Victoria McGill; and Dina Hill (**"Defendants"**), hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**").

2. This action is also brought to recover overtime compensation, liquidated or

double damages, and statutory penalties resulting from Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff was employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiff Anthony Mumphrey resided in the District of Arizona.

7. At all relevant times to the matters alleged herein, Plaintiff Anthony Mumphrey was a full-time employee of Defendants from on or around June 2022, to present ("**all relevant times**").

8. At all relevant times to the matters alleged herein, Plaintiff Anthony Mumphrey was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9. At all relevant times to the matters alleged herein, Plaintiff Anthony Mumphrey was a non-exempt employee.

10. Defendant Good Neighbor is a company authorized to do business in Arizona.

11. Defendant Good Neighbor was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

12. Defendant Victoria McGill is an Arizona resident.

13. Defendant Victoria McGill directly caused events to take place giving rise to this action.

14. At all relevant times, Defendant Victoria McGill was an owner of Good Neighbor.

15. At all relevant times, Defendant Victoria McGill was an employer of Good Neighbor.

16. At all relevant times, Defendant Victoria McGill was the stat agent for Good Neighbor.

17. Defendant Victoria McGill has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

18. Defendant Victoria McGill had the authority to hire and fire employees.

19. Defendant Victoria McGill had the authority to hire and fire Plaintiff.

20. On or around June 2022, Defendant Victoria McGill interviewed and hired Plaintiff Anthony Mumphrey.

21. Defendant Victoria McGill supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

22. Defendant Victoria McGill made the schedules and would text Plaintiff about schedule updates.

23. Defendant Victoria McGill determined the rate and method of Plaintiff's payment of wages.

24. Defendant Victoria McGill ran payroll.

25. As a person who acted in the interest of the previously identified corporate

entity in relation to the company's employees, Defendant Victoria McGill is subject to individual and personal liability under the FLSA.

26. Defendant Dina Hill is an Arizona resident.

27. Defendant Dina Hill has directly caused events to take place giving rise to this action.

28. At all relevant times, Defendant Dina Hill was an owner of Good Neighbor.

29. At all relevant times, Defendant Dina Hill was an employer of Good Neighbor.

30. At all relevant times, Defendant Dina Hill was a member of Good Neighbor.

31. Defendant Dina Hill has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

32. Defendant Dina Hill supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

33. Defendant Dina Hill would notify Plaintiff when meetings would take place.

34. Defendant Dina Hill determined the rate and method of Plaintiff's payment of wages.

35. Defendant Dina Hill ran payroll.

36. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Dina Hill and Defendant Victoria McGill were legally married.

37. Defendant Dina Hill and Defendant Victoria McGill have caused events to take place giving rise to this action as to which their marital community is fully liable.

38. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

39. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

40. Defendants, and each of them, are sued in both their individual and corporate capacities.

41. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

42. Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

43. Upon reasonable belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that has or will have annual gross sales of at least $500,000 in 2023.

44. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

45. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

46. Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

47. Plaintiff used text messages, telephone, and emails to communicate with Defendants.

48. Plaintiff is a covered employee under individual coverage.

49. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

50. The entity Defendant is a rehab center.

51. On or around June 2022, Plaintiff Anthony Mumphrey commenced employment with Defendants.

52. Plaintiff's primary job duties included supervising clients, making sure they were not using drugs and following rules, and dropping off clients.

53. Plaintiff Anthony Mumphrey was to be paid $18.00 an hour.

54. Plaintiff Anthony Mumphrey routinely worked in excess of 40 hours per week.

55. Defendants paid Plaintiff straight time for all hours worked over 40 hours.

56. Plaintiff Anthony Mumphrey estimates that he was working around 50 to 60 hours a week.

57. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours.

58. For example, during the workweek of July 18, 2022, Plaintiff Anthony Mumphrey worked an estimated 50 hours and did not receive overtime pay.

59. At all relevant times during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for all his overtime hours.

60. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours.

61. Defendants required Plaintiff to work overtime as a condition of his employment.

62. Defendants wrongfully withheld wages from Plaintiff by failing to pay all

wages due for overtime hours Plaintiff worked.

63. Defendants refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

64. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining her employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

65. Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

66. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

67. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

68. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

69. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

70. Defendants have intentionally failed and/or refused to pay Plaintiff's overtime wages according to the provisions of the FLSA.

71. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

72. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

73. Defendants' actions in failing to compensate Plaintiff, in violation of the

FLSA, were willful.

74. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

75. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

76. Defendants have not made a good faith effort to comply with the FLSA.

77. Plaintiff is also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

  i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

  ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs

pursuant to 29 U.S.C. § 216(b), and all other causes of action set forth herein;

F.    Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED May 25, 2023.

**WEILER LAW PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Anthony Mumphrey declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Anthony Mumphrey

WEILER LAW PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – info@weilerlaw.com

Doc ID: da64f6aca95e36413ec9c94e6928a0bd2e26a5a5