1   **WO**

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9   Anthony Mumphrey,                         | No. CV-23-00923-PHX-ROS

10              Plaintiff,                     | **ORDER**

11  v.

12  Good Neighbor Community Services LLC,
    et al.,
13

14              Defendants.

15          Plaintiff has filed a Motion for Default Judgment against Defendants.  (Doc. 12).

16  Defendants have not filed a response.  For the following reasons, the Court will grant the

17  Motion and enter default judgment in the amount of $2,430.

18                              **BACKGROUND**

19          Plaintiff filed this action for the recovery of unpaid overtime wages under the Fair

20  Labor Standards Act ("FLSA") on May 25, 2023.  (Doc. 1, "Compl.").  Defendants are an

21  Arizona rehab center and two individuals alleged to be an owner and employee thereof.  *Id.*

22  at ¶¶ 10-39, 50.  Plaintiff asserts he did not receive overtime wages for hours worked in

23  excess of 40 per week during his employment with Defendants.  *Id.* at ¶¶ 54-66.

24  Defendants were served on June 2, 2023, (Docs. 7, 8, and 9), but did not file an answer or

25  otherwise participate in the action.  On June 29, 2023, default was entered against

26  Defendants pursuant to Fed. R. Civ. P. 55(a).  (Doc. 11).  On July 5, 2023, Plaintiff filed

27  the motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2).  (Doc. 12, "Mot.").

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURISDICTION

When a party seeks default judgment "against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th. Cir. 1999). Because Plaintiff's Complaint invokes a federal cause of action under the FLSA, the Court has subject matter jurisdiction over this matter. *See* 28 U.S.C. § 1331. The Court also has personal jurisdiction over Defendants. Plaintiff's claims arise from Defendants' business activities in Arizona and their alleged failure to comply with federal employment laws during those activities. Compl. at ¶¶ 4-49; *Picot v. Weston*, 780 F.3d 1206, 1211 (9th. Cir. 2015).

## DEFAULT JUDGMENT

Once default is entered, the Court may enter default judgment under Rule 55(b). Deciding to grant default judgment is discretionary and the Court must consider: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the amount in controversy; (5) the possibility of factual dispute; (6) whether the default was due to excusable neglect, and (7) the strong preference to decide cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

### A. Possible Prejudice to Plaintiffs

Continuation of this action despite Defendants' failure to answer or otherwise participate would prejudice Plaintiff by precluding a judicial resolution of his claims. This factor weighs in favor of granting default judgment. *See Constr. Laborers Tr. Funds for S. California Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1198 (C.D. Cal. 2018).

### B. Merits of the Claim and Sufficiency of the Complaint

The second and third *Eitel* factors, taken together, require courts to consider whether a plaintiff has stated a claim on which they may recover. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002); *Danning v. Lavine*, 572 F.2d 1386,

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1388-89 (9th Cir. 1978).  In considering these factors, the complaint's factual allegations are taken as true, but the plaintiff must establish all damages sought.  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

To bring an FLSA claim for unpaid overtime wages, a plaintiff must allege at least one workweek when he worked more than forty hours and was not paid overtime wages for those hours.  *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014); *see also* 29 U.S.C. § 207.  An employee can be covered under the FLSA through (i) enterprise coverage if the employer has annual gross sales or business done greater than $500,000; or (ii) individual coverage if the employee is "engaged in commerce or in the production of goods for commerce."  29 U.S.C. §§ 203(s)(1)(A), 207(a)(1); *see also Zorich v. Long Beach Fire Dep't & Ambulance Serv., Inc.*, 118 F.3d 682, 686 (9th Cir. 1997).  An individual can be subject to liability under the FLSA when she "exercises control over the nature and structure of the employment relationship, or economic control over the relationship."  *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009).

Plaintiff has alleged he "routinely worked in excess of 40 hours per week" and "was not provided with the required one and one-half times pay premium as required by the FLSA."  Compl. at ¶¶ 54-59.  Plaintiff also alleges Defendants' enterprise "had annual gross sales of at least $500,000" and he, "in his work for Defendants, was engaged in interstate commerce."  *Id.* at ¶ 45, 56.  Finally, Plaintiff alleges each of the individual Defendants—Victoria McGill and Dina Hill—was an owner and statutory agent for Defendant Good Neighbor, had the authority to hire and fire employees, supervised and controlled Plaintiff's work schedule, determined the rate and method of Plaintiff's payment of wages, and ran payroll.  *Id.* at ¶¶ 12-37.

Because Plaintiff's well-pled factual allegations must be taken as true, Plaintiff has stated a plausible claim for relief against all three Defendants under the FLSA.  These factors support entering default judgment.

### C. Amount in Controversy

This factor requires the court to consider the amount of money at stake in relation to the seriousness of Defendants' conduct. *PepsiCo*, 238 F. Supp. 2d at 1176. Plaintiff seeks $2,430 in liquidated back overtime pay. Mot. at 3. This requested amount is not high and is reasonable and proportional to Defendants' failure to pay applicable overtime wages under federal law. This factor supports entering default judgment.

### D. Dispute Over Material Facts

No genuine dispute of material facts prevents granting Plaintiff's motion given the sufficiency of Plaintiff's complaint and Defendants' default. *See PepsiCo*, 238 F. Supp. 2d at 1177. This factor supports entering default judgment.

### E. Excusable Neglect

Plaintiff executed proper service against all Defendants in this action, (Docs. 7, 8, and 9), and there is nothing indicating Defendants' failure to answer is due to excusable neglect. This factor supports entering default judgment.

### F. Policy Favoring Decisions on the Merits

Although there is a strong preference for decisions on the merits whenever reasonably possible, *Eitel*, 782 F.2d at 1472, the existence of Rule 55(b) indicates this preference is not dispositive, *PepsiCo*, 238 F. Supp. 2d at 1177. Since Defendants have failed to appear and respond, a decision on the merits is not possible. This factor supports entering default judgment.

### G. Conclusion

All the *Eitel* factors support entering default judgment in this case. This Court will grant Plaintiff's Motion and enter default judgment accordingly.

## DAMAGES

Under the FLSA, an employer is liable for the employee's "unpaid overtime compensation" and "in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *see also Campbell v. City of Los Angeles*, 903 F.3d 1090, 1102 (9th Cir. 2018).

1

2

3
The FLSA calculates overtime wages as "one and one-half times" the employee's regular

hourly rate. 29 U.S.C. § 207(a)(1).

4
Plaintiff submitted an affidavit stating he worked an estimated "10-20 hours of

5
overtime" for "approximately 9 weeks" with a base "rate of $18.00 per hour."  Doc. 12-1

6
at ¶¶ 6, 10, 11.  Plaintiff states he was only paid his base rate for these overtime hours, not

7
the applicable overtime rate of $27.00 per hour.  *Id.* at ¶¶ 7, 9.  Plaintiff calculates his

8
unpaid overtime wages using 15 hours per week, the midpoint of his weekly overtime hours

9
estimates.  *Id.* at ¶ 12.  Thus, Plaintiff is entitled to $1,215 (15 hours * 9 weeks * $9.00) in

10
unpaid overtime wages under the FLSA.  Plaintiff is also entitled to liquidated damages in

11
equal amount, bringing his total damages under the FLSA to $2,430.  Notably, this total

12
award is less than the amount requested in the complaint because the complaint alleged

13
Plaintiff worked as many as 20 hours overtime per week.  *See* Compl. at ¶ 56.

14
Since the damages sought by Plaintiff are provided for by statute and Plaintiff's

15
affidavit is sufficiently detailed to permit the requisite statutory calculations, the Court will

16
grant Plaintiff's requested damages.  The Court will also award post-judgment interest at

17
the applicable federal rate pursuant to 28 U.S.C. § 1961(a).  The Court defers an award of

18
attorneys' fees pending the filing of a motion in accordance with Local Rule of Civil

19
Procedure 54.2.

20
Accordingly,

21
**IT IS ORDERED** Plaintiff's Motion for Default Judgment (Doc. 12) is

22
**GRANTED**.  The Clerk of Court is directed to enter judgment in favor of Plaintiff and

23
against Defendants in the amount of $2,430.  This amount shall be subject to post-judgment

24
interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

25
**IT IS FURTHER ORDERED** Plaintiff may file a motion for reasonable attorneys'

26
fees and costs in accordance with Local Rule of Civil Procedure 54.2.

27
…

28
…

- 5 -

1

2          **IT IS FURTHER ORDERED** the Clerk of Court shall close this case.

3          Dated this 29th day of September, 2023.

4

5

6                                              _____
                                               Honorable Roslyn O. Silver
                                               Senior United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28