**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Mumphrey, | No. CV-23-00923-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Good Neighbor Community Services LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Attorneys' Fees and Costs ("Motion") (Doc. 15) seeking $4,400 in fees and $5,000 in costs.

**BACKGROUND**

Plaintiff filed this suit for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). (Doc. 1). Defendants were properly served, (Docs. 7, 8, and 9), but failed to answer or otherwise participate in the action. The Court granted default judgment against Defendants in the amount of $2,430. (Docs. 13 and 14).

**ATTORNEYS' FEES**

**I.   ENTITLEMENT AND ELIGIBILITY TO FEES**

Plaintiff requests $4,400 in attorneys' fees and $5,000 in costs in accordance with Federal Rule of Civil Procedure 54, Local Rule of Civil Procedure 54.2, and 29 U.S.C. § 216(b)—the FLSA's fee-shifting provision that "provides for attorney fees and costs to a successful plaintiff." *Haworth v. State of Nev.*, 56 F.3d 1048, 1050 n.1 (9th Cir. 1995). The Court finds Plaintiff is eligible for, and entitled to, attorneys' fees.

The FLSA requires courts to award reasonable attorneys' fees to successful plaintiffs. 29 U.S.C. § 216(b); *see also Houser v. Matson*, 447 F.2d 860, 863 (9th Cir. 1971) ("[The statute] provides that an award of attorney's fee 'shall' be made to the successful plaintiff. The award of an attorney's fee is mandatory."). As the prevailing party in the present FLSA action, (Docs. 13 and 14), Plaintiff is entitled to an award of attorneys' fees.

Plaintiff argues he is entitled to attorney fees incurred in preparing the Motion for Attorneys' Fees and Costs. (Doc. 15 at 2-3). Local Rule of Civil Procedure 54.2(c)(2) requires a plaintiff claiming "entitlement to fees for preparing the motion and memorandum for award of attorneys' fees" and costs "must cite the applicable legal authority supporting" the request. Plaintiff cites *Pure Wafer, Inc. v. City of Prescott* as support for the proposition that a "party that is entitled to an award of attorney fees is entitled to compensation for time expended on an application for attorney's fees." (Doc. 15 at 2-3) (citing No. 13-08236, 2014 WL 3797850 at *11). The Ninth Circuit has noted "federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-60 (9th Cir. 1985). And, more specifically, fees incurred in preparing fees motions have been awarded in other FLSA cases within the District of Arizona. *See, e.g., Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468 (D. Ariz. 2019).

The Court finds Plaintiff is entitled to recover fees, including those incurred in preparing the present Motion.

**II.    REASONABLENESS OF REQUESTED AWARD**

While the FLSA mandates an award of attorneys' fees to a successful plaintiff, 29 U.S.C. § 216(b), "the amount of the award is within the discretion of the court," *Houser v. Matson*, 447 F.2d 860, 863 (9th Cir. 1971). Courts "employ the 'lodestar' method to determine a reasonable attorney's fees award." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (citing *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000)). The lodestar figure is calculated by "multiplying the number of hours reasonably expended on

a case by a reasonable hourly rate." *Id.*

After calculating the lodestar figure, a Court may reduce or increase the award based on a variety of factors. Those factors include: (1) the time and labor required, (2) the novelty and difficulty of the legal questions involved, (3) the skill required to perform the legal service properly, (4) other employment precluded due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) ("*Kerr* factors").[1] Some of these factors are normally subsumed in the lodestar calculation such that they need not be considered again after the lodestar is determined. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 (9th Cir. 2013) (identifying factors often considered when calculating lodestar).

**A. Hourly Rates**

The first question is whether Plaintiff's asserted rate is reasonable. "A reasonable hourly rate is ordinarily the prevailing market rate in the relevant community." *Sw. Fair Hous. Council v. WG Scottsdale LLC*, No. 19-00180, 2022 WL 16715613 at *3 (D. Ariz. Nov. 4, 2022) (citing *Kelly*, 822 F.3d at 1099). And "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Plaintiff's counsel, Jason Barrat, is a partner at Weiler Law PLLC with 11.5 years' experience as a litigator, almost exclusively handling FLSA cases. (Doc. 15 at 7, Doc. 15-1). Plaintiff asserts a $400 billing rate for Mr. Barrat. (Doc 15 at 6). Plaintiff supports his

---

[1] Local Rule 54.2 also lists factors the Court must address when determining the reasonableness of the requested award. These factors are largely duplicative of the *Kerr* factors.

proffered rate with an affidavit from Mr. Barrat outlining his experience and stating the $400 rate is reasonable, (Doc 15-1), a collection of rate determinations in other FLSA cases in the District of Arizona for attorneys with similar experience, (Doc. 15 at 8-9), and an expert report opining Mr. Barrat's $400 billing rate is "well in line with other rates approved by the Court," (Doc 15-3).

In his affidavit, Mr. Barrat claims he has practiced law for over ten years and has litigated approximately 200 employment-related lawsuits in that time. (Doc. 15-1 at 2-3). Mr. Barrat asserts he acted as lead counsel for this matter and was responsible for the "day-to-day activities of the lawsuit," including case strategy, correspondence, and drafting pleadings and motions. (Doc. 15-1 at 3).

In a 2019 FLSA case within the District of Arizona, the court approved Mr. Barrat's then-$325 per hour rate as reasonable. *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 486 (D. Ariz. 2019). Roughly four years and 130 lawsuits later, Mr. Barrat's rate has risen to $400.

According to Mr. Barrat, his $400 rate is commensurate with his experience level and is "well within the standard hourly rates charged by other law firms in the Phoenix Metropolitan Area, particularly given the skill level and time commitment required to successfully litigate a FLSA lawsuit." (Doc. 15-1 at 4). The submitted expert report (prepared for and submitted in another matter) seeks to bolster the $400 rate's reasonableness by analyzing comparator billing rates in FLSA cases filed in the District of Arizona in the past ten years. (Doc. 15-3). The report posits a mean billing rate of $406.26 and a median rate of $389.19 in similar cases. (Doc. 15-3 at 5-6). The report concludes Mr. Barrat's $400 billing rate is reasonable for an attorney of his skill level in an FLSA case in the District of Arizona. (Doc. 15-3 at 6).

The Court is persuaded the prevailing rates for FLSA cases in the District of Arizona and Mr. Barrat's experience support the requested hourly rate. The Court finds the $400 hourly rate reasonable.

**B. Hours Expended**

Under the lodestar method, the prevailing party is generally entitled to recover fees for "every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 486 (D. Ariz. 2019) (quoting *Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir. 1982)). Courts may "exclude from this initial fee calculation hours that were not reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (internal quotations removed); s*ee also McKown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) ("In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours that are excessive, redundant, or otherwise unnecessary.").

Plaintiff submits a log of time Mr. Barrat expended on the present case, (Doc. 15-2), and notes that although other support staff spent approximately three hours working on the case at $100 per hour, these fees have been written off in their entirety, (Doc. 15 at 5). The activity log states Mr. Barrat expended 11.1 hours in total, including 2.3 hours researching Defendants and other background information, 1.4 hours drafting the complaint, 1.1 hours drafting the default judgment motion, and 1.9 hours drafting the present fees motion. (Doc. 15-2). Having carefully considered the time and labor reasonably required for each task on Plaintiff's activity log, the Court finds that each of the entries are reasonable.

### C. Lodestar Figure and Adjustment

Having found Plaintiff's submitted rate and hours reasonable, the Court determines the lodestar figure is $4,400 (11.1 hours at a rate of $400).

Despite a "strong assumption that the 'lodestar' method represents a reasonable fee," *Corrales-Gonzalez v. Speed Auto Wholesalers LLC*, 2023 WL 3981139, at *7 (D. Ariz. June 13, 2023), the Court "has discretion to adjust the lodestar upward or downward" based on the *Kerr* factors not subsumed in the lodestar calculation, *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016). Courts must assess these factors and must articulate "with sufficient clarity the manner in which it makes its determination." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014). Several of these factors are subsumed in the

above lodestar analysis, including the time and labor required by counsel, skill required to perform the legal service properly, customary fees in similar matters, and the experience and reputation of counsel. The Court considers the remaining factors here and finds none justify adjusting the lodestar figure.

### a. Preclusion of Other Employment

Plaintiff avers the case was "not particularly burdensome and did not preclude Plaintiff's Counsel from accepting other clients." (Doc. 15 at 5). Plaintiff concedes this factor does not require modification to the lodestar figure. (Doc. 15 at 5).

### b. Nature of Fee Arrangement

Plaintiff asserts he retained counsel on a "pure contingency fee arrangement under which Plaintiff would owe nothing to counsel, and counsel would not have received reimbursement from Plaintiff for attorneys' fees, were they not to prevail." (Doc. 15 at 10). The Court finds this factor supports awarding the full lodestar amount.

### c. Time Limitations

Plaintiff submits there were no time limitations imposed in this case. (Doc. 15 at 10). This factor is neutral.

### d. Results Obtained

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435-36 (1983). Plaintiff submits counsel "has obtained excellent results" because "he was awarded his full damages." (Doc 15 at 10). Since the Court awarded Plaintiff all his claimed FLSA damages, this factor weighs in favor of awarding the full lodestar amount.

### e. Novelty and Difficulty of the Claims

Plaintiff submits the "claims were straight-forward" in this case. (Doc. 15 at 5). This factor is neutral.

### f. Undesirability of the Case

Plaintiff argues FLSA cases are generally undesirable because they involve significant financial risk for counsel based on contingent fee arrangements (standard in

FLSA cases) and no guarantee of collection on an eventual judgment. (Doc. 15 at 10-11). While the Court agrees that this factor supports Plaintiff's award of fees, the Court finds this factor does not justify an adjustment to the lodestar amount.

### g. Nature of the Attorney-Client Relationship

Plaintiff has never been represented by Weiler Law PLLC before this case. (Doc. 15 at 11). This factor is neutral.

### h. Awards in Similar Cases

Finally, the Court considers awards in similar cases. Plaintiff cites to two cases he argues demonstrate similar awards in similar cases. (Doc. 15 at 11). In *Vazquez v. Johnson*, an FLSA plaintiff was awarded $11,514 in attorneys' fees after default judgment based on a $445 hourly rate. No. 22-01720, 2023 WL 4205126 (D. Ariz. June 27, 2023). And in *Hetland v. Hirsch*, an FLSA plaintiff was awarded $5,188.88 in attorneys' fees after default judgment based on a $378.75 hourly rate. No. 21-00487, 2022 WL 2953064 (D. Ariz. July 26, 2022). The Court finds these cases are sufficiently similar to the present case to weigh in favor of awarding the full lodestar amount.

### i. Final Lodestar Adjustment

After consideration, The Court determines the *Kerr* factors do not justify an adjustment to the lodestar amount.

### D. Conclusion

The Court finds Mr. Barrat's $400 hourly rate and 11.1 hours spent on the case to be reasonable, yielding a lodestar amount of $4,400. No adjustment to the lodestar amount is necessary. Thus, the Court will award attorneys' fees in the amount of $4,400.

## COSTS

In addition to attorneys' fees, Plaintiff requests $5,000 for anticipated collection efforts. (Doc. 15 at 11). Plaintiff submits exhibits of itemized collection costs incurred by Mr. Barrat's firm in other FLSA cases—approximately $14,000 in one case, $9,500 in another, and $5,500 in a third. (Docs. 15 at 12-13, 15-4, 15-5, and 15-6). Plaintiff has ably demonstrated his counsel has incurred significant collection costs in these select past

matters, including contact and service attempts, obtaining debtor's examinations, coordinating writs of execution with local authorities, and retaining private investigators. (Docs. 15-4, 15-5, and 15-6).

But Plaintiff has *not* demonstrated that he will incur any specific collection costs in this case. In support of this request, Plaintiff simply states he "will have to initiate collections" which will result in "an additional amount [he] will need to incur." (Doc. 15 at 11-12). Plaintiff cites two FLSA cases within the District of Arizona where his counsel received $2,000 and $3,000 for potential collection costs. (Doc. 15 at 12 (citing *Davis v. Shri Hari Hotels LLC*, No. 22-00756, Doc. 18 (D. Ariz. Aug. 4, 2022) and *Garcia et al. v. Elite Prop. Serv. LLC et al.*, No. 21-01848, Doc. 25 (D. Ariz. June 7, 2022)). These cases award advance collection costs with little or no analysis. Given the absence of analysis, the Court is not persuaded these authorities support Plaintiff's request.

Plaintiff fails to identify any facts suggesting any of these various collection methods or services will be required to collect from Defendants. Although Defendants failed to appear and participate in this action, this alone does not support a finding that Defendants will resist payment. *See Stamper v. Freebird Logistics Inc.*, No. 22-00155, 2022 WL 4448457, at *4 (D. Ariz. Sept. 23, 2022) (citing *Farm Credit of Nw. Fla., ACA v. R & B Const. of S. Ala., Inc.*, No. 08-00439, 2009 WL 4456340, at *5 n.7 (S.D. Ala. Nov. 24, 2009)). The Court recognizes that Plaintiff may incur costs in collecting from Defendants. But any award of collection costs before they are incurred is necessarily speculative. And where the requested collection costs are unsupported by specific facts, as here, an advance award of anticipated collection costs is particularly improper. *See, e.g. Stamper*, 2022 WL 4448457 at *4 (denying anticipated collection costs as "speculative" and "unreasonable"); *F.D.I.C. v. Thornton*, No. 12-00218, 2014 WL 4174037, at *4 (M.D. Tenn. Aug. 20, 2014) (finding a $5,000 award for anticipated post-judgment collection costs "speculative and therefore unreasonable" where requesting party did not "explain its anticipated collection efforts"); *Farm Credit*, 2009 WL 4456340 at *5 n.7 (denying anticipated collection fees where plaintiff did "not link his opinions to any evidence

concerning the financial status or anticipated resistance to collection efforts"); *Akula v. Airbee Wireless, Inc.*, No. 08-00421, 2009 WL 122795, at *2 (E.D. Va. Jan. 14, 2009) (denying advance collection fees where "the necessity and amount of future attorney's fees requested by Plaintiff are too speculative at this point in the collection process").

The Court finds an advance award of $5,000 in anticipated collection costs unreasonable. Plaintiff is free to seek collection costs or additional attorneys' fees once they are actually incurred.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for an Award of Attorneys' Fees and Costs (Doc. 15) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is awarded $4,400 in attorneys' fees.

Dated this 15th day of December, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge